John F. **FRIEDLANDER**, Petitioner,

v.

**UNITED STATES of America,** **Respondent.**

No. 13–70918.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2013.*

Filed Oct. 15, 2013.

Matthew Campbell, Assistant Federal Public Defender, FPDWA–Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, John F. Friedlander, pro se, for Petitioner.

Timothy John Ohms, Assistant U.S. USSP–Office of the U.S. Attorney, SPOKANE, WA, for Respondent.

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

ORDER **

John Friedlander was charged as an adult in federal district court for a murder committed when he was sixteen. On January 20, 1988, he pleaded guilty to Second Degree Murder in violation of 18 U.S.C. § 1111(a), and Assault with Intent to Commit Murder in violation of 18 U.S.C. § 113(a). He was sentenced to life in prison for the murder charge, and a concurrent term of twenty years for the assault

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

charge. In 1992, the district court denied his first *pro se* motion under 28 U.S.C. § 2255. Friedlander has now filed an application for leave to file a second or successive motion under § 2255. We have jurisdiction under 28 U.S.C. § 2255(h).

We may authorize the filing of a second or successive motion under § 2255 if, among other things, the application makes a prima facie showing that the motion would "contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(C). Friedlander contends that his sentence is contrary to *Miller v. Alabama,* —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which held that a mandatory sentence of life without the possibility of parole for a juvenile homicide offender violates the Eighth Amendment. We need not decide whether *Miller* announced a new, retroactive rule of constitutional law because, even if it did, Friedlander's application would fail.

*Miller* is inapplicable because Friedlander was not sentenced to life without parole. Friedlander admits that he "has seen the parole board approximately 8 time[s] . . . and [has] a forth coming [sic] hearing in February of 2014."

The application to file a second or successive motion under § 2255 is **DENIED**.